IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MAURICE McCLELLAN | : | |
|     Plaintiff | : | |
| v | : | Civil Action No. WMN-06-1129 |
| BALTIMORE CITY CIRCUIT COURT, BALTIMORE CITY SHERIFF DEPT., and BALTIMORE CITY DETENTION CENTER | : : | |
|     Defendants | : | |

o0o
## MEMORANDUM

Pursuant to this Court's Order of May 10, 2006, Plaintiff has supplemented his complaint concerning his allegation that he has been has been illegally detained for violation of parole and failure to pay a fine. Paper No. 6. Plaintiff was directed to provide: names of individuals against whom he wishes to pursue a civil rights claim; an explanation regarding the status of his parole revocation decision; and all details regarding any efforts to obtain judicial review of the parole revocation decision in the state courts. Paper No. 3.

Plaintiff's supplemental filing describes his cause of action as "prospective." He asserts that the relief he seeks from this Court is to end the continuing violation of his constitutional rights as evidenced by his current incarceration. Paper No. 6 at p. 4. He claims liability rests with the named Defendants because they failed to ascertain whether or not he actually failed to pay the fine which was the basis of his parole revocation. *Id*. at pp. 1– 3.

As noted by this Court previously, a civil rights claim based on the allegations raised is prematurely filed. *See Heck v. Humphrey*, 512 U. S. 477, 487 (1994) (invalidation of underlying charges is prerequisite to claim for damages).

Construed liberally, Plaintiff's claim is appropriately addressed as a Petition for Writ of Habeas Corpus. The merit of allegations raised in a Petition for Writ of Habeas Corpus may not be considered by this Court unless the claims have been raised in the appropriate state courts. Plaintiff's claims appear to involve only questions of State law only and are subject to the exhaustion requirement of 28 U.S.C. § 2254(b). Plaintiff must first exhaust each claim he seeks to present here to the federal court by exhausting remedies available in state court. *See Rose v. Lundy*, 455 U. S. 509, 521 (1982). Each claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted), *cert. denied*, 121 S. Ct. 1194 (2001). Although Plaintiff was advised to demonstrate exhaustion of state remedies for purposes of this Court's consideration of this case as a Petition for Writ of Habeas Corpus, he has failed to do so. Accordingly, the habeas corpus aspects of this case shall be dismissed without prejudice for failure to exhaust state remedies. A separate order follows.

/s/

6/29/06                 _____
Date                     William M. Nickerson
                           Senior United States District Judge